UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INAE LIM,**<br>10414 Michael Todd Terrace<br>Apt 2N<br>Glenview, IL 60025<br><br>**Plaintiff**<br><br>-against-<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**<br>20 Massachusetts Ave NW,<br>Washington DC 20529<br><br>**Defendant** | **Case No.**<br><br>**COMPLAINT** |

INTRODUCTION AND SUMMARY

1. This is an action to hold unlawful and set aside the decision of the United States Citizenship and Immigration Services denying plaintiff Inae Lim's application for adjustment of status because it is arbitrary and not in accordance with law.

2. The decision is arbitrary because although it found her to be inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(C)(i) as a person who had by fraud or willfully misrepresenting a material fact, procured a visa, it was unsupported by substantial, or in fact any, evidence that any misrepresentation she made was in fact material.

3. The decision was also not in accordance with law inasmuch as it purported to deny the application because the beneficiary had not proven that she met the requirements of the immigrant visa petition filed upon her behalf , which is not a lawful basis for denial of such an application where, as here,  the petition for immigrant worker was in fact already approved.

## PARTIES

4. The plaintiff Inae Lim is a citizen and national of the Republic of Korea who last entered the U.S. on December 17, 2007 as a foreign student, and currently resides in the State of Illinois.

5. The United States Citizenship and Immigration Services is the agency with responsibility for the adjudication of Inae Lim's application for adjustment of status.

4. Inae Lim has standing to complain of the unlawful denial of her application for adjustment of status because it leaves her with no lawful status in the U.S. and subject to removal proceedings.

## JURISDICTION

5. This being an action under the Administrative Procedure Act, a law of the United States, this Court has jurisdiction over this matter under 28 U.S.C. Section 1331.

## BRIEF STATEMENT OF PERTINENT FACTS

7. On approximately December 17, 2007 plaintiff Inae Lim was admitted to the United States under 8 U.S.C. § 1101(a)(15)(F) as a foreign student.

8. On June 4, 2018, Asian Services, Inc. filed a Petition for Immigrant Worker with the USCIS to classify Ms. Lim as an immigrant under 8 U.S.C. § 1153(b)(3)(A)(i), which assigned it File No. LIN1817050107. This petition was approved on June 13, 2018.

9. On July 23, 2018, Ms. Lim filed with the USCIS an application to adjust her status in the U.S. to that of an alien lawfully admitted for permanent residence, which was assigned File No. MSC1891451876.

9. On June 3, 2019 the USCIS issued a decision denying Ms. Lim's application for adjustment of status.

10. The sole relevant reason for this denial was the USCIS's assertion that "you are inadmissible to the United States for fraud or willful misrepresentation of a material fact".

11. The complete discussion of this asserted ground of inadmissibility in the decision was:

> USCIS records establish that on or around November 19, 2007, you submitted an F-1 non-immigrant visa (NIV) application to the U.S. Consulate in Seoul, South Korea. As a part of that application you were asked to provide your employment history where the form indicated "Not including current employer, list your last two employers". Under this section of your NIV application you answered "None". However, your instant 1-485 and related filings now indicate that you worked at restaurant *Jeju-Badang* located at J 4gil 6-1, Sinmok-Ro, Yangchun-Gu in Seoul, South Korea, between July l, 2004 and September 10, 2006. In your response to the NOID you state you relied heavily on the visa preparation agency from Solex College in Korea for your application process. However, the burden of proof and responsibility of the accuracy of the information in any application package rests solely on the individual who signs the application and files it, the applicant. By not revealing this information you misrepresented the information in the fact that your application was not truthful and as such a misrepresentation of your actual experience. By not listing your former employer you shut off a line of inquiry, which likely would have affected the reviewing consular officer's decision on your NIV application. You claimed at your I-485 interview that you omitted your former employment at the advice of an agency assisting you with the preparation of your application. Your NIV application, however, indicates that you did not use a preparer in connection with the application. At your Form 1-485 interview you also stated that you omitted your employment information" ... because maybe immigration think(s)
> I'm not going to study ... ", which suggests that your misrepresentation was willful. Therefore, you are inadmissible to the United States under INA 212(a)(6)(C)(i) for fraud or willful misrepresentation of a material fact. Additionally, as you are not married you do not have a qualifying relative therefore you are not eligible for a waiver of this inadmissibility.

11. The decision also raised a number of other complaints, the relevance of which to the application for adjustment of status was never explained, and which appear pertinent only to the petition for immigrant worker already approved upon Ms. Lim's behalf.

12. This action ensued.

CAUSE OF ACTION

COUNT I

THE DENIAL OF MS. LIM'S APPLICATION FOR ADJUSTMENT OF STATUS BECAUSE SHE SUPPOSEDLY MADE MISREPRESENTATIONS WAS

ARBITRARY BECAUSE IT WAS UNSUPPORTED BY ANY EVIDENCE OF THEIR MATERIALITY

13. Aside from the conclusory assertion Ms. Lim is "inadmissible to the United States under INA 212(a)(6)(C)(i) for fraud or willful misrepresentation of a material fact" the only discussion in this decision which even remotely addresses the issue whether Ms. Lim's asserted misrepresentation was in fact "material" is the vague claim that "(b)y not listing your former employer you shut off a line of inquiry, which likely would have affected the reviewing consular officer's decision on your NIV application."

14. In order to establish a misrepresentation is material "The government must 'produce[ ] evidence sufficient to raise a fair inference that a statutory disqualifying fact actually existed.' *Kungys v. United States*, 485 U.S. 759 (1988). (Brennan, J., concurring). *See United States v. Puerta*, 982 F.2d 1297, 1303-04 (9th Cir.1992) (reviewing opinions in *Kungys* and concluding that "Justice Brennan's view of materiality controls").

15. Here the decision offers no evidence whatsoever that Ms. Lim was not qualified for the foreign student visa it says she concealed her work experience to obtain.

16. In fact, one of the requirements for a foreign student visa is that one have "a residence in a foreign country which he has no intention of abandoning." 8 USC § 1101(a)(15)(F). In order to show this, the Department of State (the agency which issued Ms. Lim's visa) requires that "(t)he applicant must demonstrate permanent employment, meaningful business or financial connections, close family ties, or social or cultural associations, which will indicate a strong inducement to return to the country of origin." 9 FAM 401.1-3(F)(2)(b).

17. Accordingly, to the extent that the disclosure of Ms. Lim's employment might have any influence upon the decision to issue her a student visa, it appears it would have made it more

likely, not less, that her visa would have been issued and, therefore there is no substantial evidence, or any evidence at all, supporting the decision's conclusion that Ms. Lim's misstatement of her employment history was material to her student visa application.

18. "Although we are dealing with the question whether agency action is arbitrary or capricious, 'in their application to the requirement of factual support the substantial evidence test and the arbitrary or capricious test are one and the same.'" *Butte Cty. v. Hogen*, 392 U.S. App. D.C. 25, 29, 613 F.3d 190, 194 (2010), *quoting Ass'n of Data Processing Serv. Orgs., Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 745 F.2d 677, 683, 240 U.S. App. D.C. 301 (D.C. Cir. 1984) (Scalia, J.).

19. 5 U.S.C. § 706 provides in relevant part that in action under the Administrative Procedure Act

> The reviewing court shall—
>
> …
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

WHEREFORE it is respectfully requested that the Court hold the USCIS's decision denying Inae Lim's application for adjustment of status unlawful and set it aside on the grounds that it is arbitrary and capricious.

## COUNT II

THE DENIAL OF ADJUSTMENT OF STATUS, TO THE EXTENT IT RELIED UPON PURPORTED DEFICIENCIES IN AN APPROVED AND UNREVOKED PETITION FOR IMMIGRANT WORKER, WAS NOT IN ACCORDANCE WITH LAW

20. The decision denying Ms. Lim's application for adjustment of status also asserted that "Therefore you have failed to provide sufficient proof of your full time employment and failed to provide requested evidence."

21. However, this assertion has no apparent relevance to Ms. Lim's eligibility to adjustment of status inasmuch as her immigrant visa petition was approved and so she satisfied all of the requirement of 8 U.S.C. § 1255(a), including that of subsection (3), that an immigrant visa be available to her.

WHEREFORE it is respectfully requested that the Court hold the USCIS's decision denying Inae Lim's application for adjustment of status unlawful and set it aside on the grounds that it is not in accordance with law.

Respectfully Submitted this 13th day of August, 2019

s/*Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiff
225 Broadway Suite 307
New York, NY 10007
646-845-9895