# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INAE LIM**<br><br>**Plaintiff**<br><br>-against-<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**<br><br>**Defendant** | **Case No.** 19-cv-2460<br><br>**APPLICATION FOR PRELIMINARY INJUNCTION POSTPONING THE EFFECTIVENESS OF THE DENIAL OF PLAINTIFF'S APPLICATION FOR ADJUSTMENT OF STATUS AND TO REQUEST AN EXPEDITED HEARING WITHIN 21 DAYS ON HER APPLICATION** |

Plaintiff Inae Lim applies to the Court to exercise its authority under 5 U.S.C. § 705 and/or its inherent authority to issue injunctions preserving the status quo to postpone the effective date of the denial of her application for adjustment of status pending a review of that decision under the Administrative Procedure Act. Plaintiff relies upon her Statement of Specific Points of Law and Authority concurrently filed herewith in making this application.

Plaintiff also requests pursuant to LCvR 65.1 for an expedited hearing on this application no later than 21 days after the date of filing and in support of this request states that as a result of USCIS's decision to deny her application for adjustment of status she is without lawful immigration status.  This sorry state of affairs leaves her suffering harm that is "certain and great," as she is without legal status at this moment and could therefore at any time be detained and placed in removal proceedings. Further harm is also "imminent;" because not only could she be detained at any time, but even if she evades removal proceedings by departing the United States more than 180 days after that decision, she will then be barred from returning to this country for at least three years pursuant to 8 U.S.C. § 1182(a)(9)(B).

Ms. Lim has lived in the United States continuously for well over 11 years. If she leaves the United States, she will be "uprooted from [her] job, home, and community for an undetermined length of time." *Ruiz-Diaz v. United States*, No. C07-1881RSL, 2008 U.S. Dist. LEXIS 79217, 2008 WL 3928016, at *2 (W.D. Wash. Aug. 21, 2008) (holding that "halting the accrual of unlawful presence time and/or unauthorized employment for . . . class members" would "prevent irreparable harm to class members "). This is time Ms. Lim would never get back, and a disruption to her life that could never be remedied, even if she were ultimately permitted to return to the United States after prevailing in this case. Therefore, the harm to her is "beyond remediation". *See Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs.*, 2018 U.S. Dist. LEXIS 196284, *35-36, 2018 WL 6047413 (D.C.D.C. Nov. 19, 2018).

Accordingly, it is respectfully requested that a hearing be scheduled on this application for preliminary injunction within 21 days, at which time a preliminary injunction be issued postponing the effectiveness of the denial of Ms. Lim's application for adjustment of status during the pendency of this action, and that such order be retroactive to the date of the denial of that application.

s/*Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiff
225 Broadway Suite 307
New York, NY 10007
646-845-9895

Dated: September 16, 2019

## CERTIFICATE OF SERVICE

I certify that the foregoing was served upon the defendant in this action today by UPS next day delivery service at the following addresses:

United States Citizenship and Immigration Services
c/o Civil Process Clerk
United States Attorney's Office
 555 4th St NW, Washington, DC 20530

United States Citizenship and Immigration Services
c/o  Attorney General
US Department of Justice
950 Pennsylvania Avenue NW
Washington DC 20530

United States Citizenship and Immigration Services
20 Massachusetts Ave NW
Washington DC 20529


*s/ Michael E. Piston*
Michael E. Piston  (MI 002)
Attorney for the Plaintiffs
225 Broadway, Suite 307
New York, NY, 10007
Ph: 646-845-9895
Fax: 206-770-6350
Email:michaelpiston4@gmail.com

Dated: September 16, 2019