

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
Chicago Field Office
101 W Ida B Wells Drive
Chicago, IL 60605

**U.S. Citizenship
and Immigration
Services**

Date:  JUN 0 3 2019

A215535467
MSC1891451876

Inae Lim
10414 Michael Todd Terrace
Glenview, IL 60025

## DECISION

Dear Inae Lim:

Thank you for submitting Form I-485, Application to Register Permanent Residence or Adjust Status, to U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA).

On February 1, 2019 USCIS sent you a letter that was titled "Decision" however it was meant to have the title of "Notice of Intent to Deny Form I-485, Application to Register Permanent Residence or Adjust Status" or "NOID".  The NOID gave you 30 days to respond to the Service intent to deny your application and you responded on March 1, 2019.

After a thorough review of your application and supporting documents, we must inform you that we are denying your application for the following reason(s).

Generally, to qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or paroled into the United States;

- Be eligible to receive an immigrant visa;

- Be admissible to the United States for permanent residence; and

- Have an immigrant visa immediately available at the time the application is filed.

### Statement of Facts and Analysis, Including Ground(s) for Denial

You filed Form I-485 based on being the beneficiary of an immigrant petition.

USCIS received your Form I-485 on July 23, 2018, and on January 2, 2019, you appeared for an interview to determine your eligibility for adjustment of status.  During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form I-485, along with any amendments made during the adjustment interview, and supporting documents were true and correct.

USCIS records establish that on or around November 19, 2007, you submitted an F-1 non-immigrant visa (NIV) application to the U.S. Consulate in Seoul, South Korea. As a part of that application you were asked to provide your employment history where the form indicated "Not including current employer, list your last two employers". Under this section of your NIV

application you answered "None". However, your instant I-485 and related filings now indicate that you worked at restaurant *Jeju-Badang* located at 14gil 6-1, Sinmok-Ro, Yangchun-Gu in Seoul, South Korea, between July 1, 2004 and September 10, 2006. In your response to the NOID you state you relied heavily on the visa preparation agency from Solex College in Korea for your application process. However, the burden of proof and responsibility of the accuracy of the information in any application package rests solely on the individual who signs the application and files it, the applicant. By not revealing this information you misrepresented the information in the fact that your application was not truthful and as such a misrepresentation of your actual experience.

By not listing your former employer you shut off a line of inquiry, which likely would have affected the reviewing consular officer's decision on your NIV application. You claimed at your I-485 interview that you omitted your former employment at the advice of an agency assisting you with the preparation of your application. Your NIV application, however, indicates that you did not use a preparer in connection with the application. At your Form I-485 interview you also stated that you omitted your employment information ". . .because maybe immigration think(s) I'm not going to study . . .", which suggests that your misrepresentation was willful.

Therefore, you are inadmissible to the United States under INA 212(a)(6)(C)(i) for fraud or willful misrepresentation of a material fact. Additionally, as you are not married you do not have a qualifying relative therefore you are not eligible for a waiver of this inadmissibility.

As a related matter, USCIS does not have sufficient evidence that you have met the qualifying work experience requirement as set out in your ETA Form 989, Application for Permanent Employment Certification, or Labor Certification. The Labor Certification stipulates that the offered position of "Japanese Chef" requires 24 months of related work experience. To satisfy this requirement your Labor Certification indicates that you performed work as a Japanese Chef at restaurant *Jeju-Badang* between July 1, 2004 and September 10, 2006. As proof of your employment at *Jeju-Bandang* you provided an employment verification letter signed by the restaurant's President, Choonyoung Kim.

However, USCIS doubts the authenticity of the letter and your claim to employment at *Jeju-Badang* for the following reasons:

- The employment verification letter is dated June 10, 2017. The Labor Certification is filed November 3, 2017. However, the job duties listed on employment verification letter is nearly identical, word-for-word, to those provided for the offered position on the Labor Certification. Therefore, it appears the employment verification was fabricated or tailored to meet qualifications for the offered position. Your attorney explains the law firm offered a "sample letter" and forwarded that letter to you, the beneficiary. Additionally, it is his "belief" the job description for a Japanese chef in the United States, Japan, China and Korea would not be different. However this is not material to the case at hand and does not offer an explanation different than the appearance the employment verification letter was tailored to match the labor certification in order to make you appear qualified for the position.

- *Jeju-Badang* appears to be a small South Korean firm, however, the letter is written in English. The record does not contain a Korean language version of the letter. Your response to USCIS did not address in anyway why this did not include a Korean language version of such a letter. Your attorney tries to explain there is no similar Korean version

of this letter. However, as you explain in your personal letter response to the NOID "…immigration document should be prepared in English, which is hard for anybody whose first language is not English". You also mention "…my influent English caused a misunderstanding to the interviewer…" This furthers USCIS reasoning the job verification letter was tailored in English to match the labor certification and a Korean version of this letter is required to prove the applicant has an understanding of its contents.

- As previously stated you failed to list your work experience at *Jeju-Badang* on your 2007 NIV application. The NIV application does indicate that after high school you studied at "Korea Hotel & Tourism College" between March 2004 and February 2006. Your studies overlap a significant portion of your claimed employment at *Jeju-Badang*. At I-485 interview you initially denied that you had engaged in any educational pursuits in South Korea following high school. Only after being confronted with the information in your NIV application did you admit you obtained an Associate's Degree in South Korea on February 22, 2006. You have not adequately explained how you were able to maintain a full course of study leading to an Associate's Degree while working full time. In the response to the NOID your attorney claims that your degree was vocational and not academic in nature. However, this is not a sufficient explanation on how you were able to maintain your studies while at the same time working a full time job.

In the NOID USCIS also requested you submit additional information to include:

- Additional evidence of your employment at *Jeju-Badang,* to include pay stubs, tax records, along with any other items which cover your full period of employment from July 1, 2004 until September 10, 2006.
- Sealed transcripts from "Korea Hotel & Tourism College" as evidence of yours studies there from March 2004 until February 2006.

In your response to the NOID your attorney states you were unable to provide the requested evidence of fulltime employment, such as pay stubs or tax records, because you were paid in cash. USCIS notes other than the letter written by Mr. Chunyoun Kim, president of Jeju-Badang restaurant, no other supporting employment documents were included. Therefore you have failed to provide sufficient proof of your full time employment and failed to provide requested evidence.

In your response to the NOID you also provided evidence of studies by way of a sealed transcript. However, the transcript is from the National Institute for Lifelong Education, a credit bank system, and not from the Korea Hotel & Tourism College as requested.

The evidence of record shows that, when you filed your application, you were lawfully present in the United States. Your period of authorized stay has expired

You are not authorized to remain in the United States. If you do not intend to file a motion or appeal on this decision and fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the Immigration Court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

3

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

Sincerely,

Martha Medina
Field Office Director

cc: Jangman Park
JP Law Group
2150 E Lake Cook Rd
Buffalo Grove, IL 60089

4