**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **INAE LIM** | |
| **Plaintiff** | **Case No.** 19-cv-2460 |
| -against- | **STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR PRELIMINARY INJUNCTION POSTPONING THE EFFECTIVENESS OF THE DENIAL OF PLAINTIFF'S APPLICATION FOR ADJUSTMENT OF STATUS** |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES** | |
| **Defendant** | |

STATEMENT OF FACTS

The plaintiff Inae Lim is a citizen and national of the Republic of Korea who last entered the U.S. on December 17, 2007 as a foreign student. Exhibit 1 at 11. On June 4, 2018, Asian Services, Inc.  filed a Petition for Immigrant Worker with the USCIS to classify Ms. Lim as an immigrant under 8 U.S.C. § 1153(b)(3)(A)(i), which assigned it File No. LIN1817050107. This petition was approved on June 13, 2018. Exhibit 1 at 13.

On July 23, 2018,  Ms. Lim filed with the USCIS an application to adjust her status in the U.S. to that of an alien lawfully admitted for permanent residence,  which was assigned File No. MSC1891451876. Exhibit 2 at 1. On June 3, 2019 the USCIS issued a decision denying Ms. Lim's application for adjustment of status. *Id.* The sole relevant reason for this denial was the USCIS's assertion that "you are inadmissible to the United States for fraud or willful misrepresentation of a material fact". The complete discussion of this asserted ground of inadmissibility was as follows:

> USCIS records establish that on or around November 19, 2007, you submitted an F-1 non-immigrant visa (NIV) application to the U.S. Consulate in Seoul, South Korea. As a part of that application you were asked to provide your employment history where the form indicated "Not including current employer, list your last two employers". Under

1

this section of your NIV application you answered "None". However, your instant I-485 and related filings now indicate that you worked at restaurant *Jeju-Badang* located at J 4gil 6-

1, Sinmok-Ro, Yangchun-Gu in Seoul, South Korea, between July l, 2004 and September 10, 2006. In your response to the NOID you state you relied heavily on the visa preparation agency from Solex College in Korea for your application process. However, the burden of proof and responsibility of the accuracy of the information in any application package rests solely on the individual who signs the application and files it, the applicant. By not revealing this information you misrepresented the information in the fact that your application was not truthful and as such a misrepresentation of your actual experience. By not listing your former employer you shut off a line of inquiry, which likely would have affected the reviewing consular officer's decision on your NIV application. You claimed at your I-485 interview that you omitted your former employment at the advice of an agency assisting  you with the preparation of your application. Your NIV application, however, indicates that you did not use a preparer in connection with the application. At your Form I-485 interview you also stated that you omitted your employment information" ... because maybe immigration think(s) I'm not going to study ... ", which suggests that your misrepresentation was willful. Therefore, you are inadmissible to the United States under INA 212(a)(6)(C)(i) for fraud or willful misrepresentation of a material fact. Additionally, as you is not married you do not have a qualifying relative therefore you is not eligible for a waiver of this inadmissibility.

> *Id.*

The decision also raised a number of other complaints,  the relevance of which to the application for adjustment of status was never explained, and which appear pertinent only to the petition for immigrant worker already approved upon Ms. Lim's behalf. *Id.* 2-4.

This action ensued.

## ARGUMENT

5 U.S.C. § 705 provides that:

> On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.

A request for relief under U.S.C. § 705 constitutes an application for a preliminary injunction. *Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs.*, 2018 U.S. Dist. LEXIS 196284, *2 (D.C. 2018) (Judge Rudolph Contreras). Ms. Lim satisfies the requirements for a preliminary injunction because she is likely to succeed on the merits, is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in her favor, and an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). When seeking such relief, "'the plaintiff has the burden to show that all four factors, taken together, weigh in favor of the injunction.'" *Abdullah v. Obama*, 753 F.3d 193, 197 (D.C. Cir. 2014) (*quoting Davis v. Pension Benefit Guar. Corp*., 571 F.3d 1288, 1292 (D.C. Cir. 2009)). "The four factors have typically been evaluated on a 'sliding scale.'" *Davis*, 571 F.3d at 1291 (citation omitted). Under this sliding-scale framework, "[i]f the plaintiff makes an unusually strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor." *Id*. at 1291-92

I.     LIKELIHOOD OF SUCCESS

5 U.S.C. § 706 provides in relevant part that:

The reviewing court shall-

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings and conclusions found to be-

    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    (B) contrary to constitutional right, power, privilege or immunity;

    (C) In excess of statutory jurisdiction, authority, or limitations, or short statutory right;

    (D) without observance of procedure required by law.

Ms. Lim will now show that she is highly likely to succeed on her complaint.

A. THE DENIAL OF MS. LIM'S APPLICATION FOR ADJUSTMENT OF STATUS BECAUSE SHE SUPPOSEDLY MADE MISREPRESENTATIONS WAS ARBITRARY BECAUSE IT WAS UNSUPPORTED BY ANY EVIDENCE OF THEIR MATERIALITY

Aside from the conclusory assertion Ms. Lim is "inadmissible to the United States under INA 212(a)(6)(C)(i) for fraud or willful misrepresentation of a material fact" the only discussion in this decision which even remotely addresses the issue of whether Ms. Lim's asserted misrepresentation was in fact "material" is the vague claim that "(b)y not listing your former employer you shut off a line of inquiry, which likely would have affected the reviewing consular officer's decision on your NIV application." In order to establish a misrepresentation is material "The government must 'produce[ ] evidence sufficient to raise a fair inference that a statutory disqualifying fact actually existed.' *Kungys v. United States*, 485 U.S. 759 (1988). (Brennan, J., concurring). *See United States v. Puerta*, 982 F.2d 1297, 1303-04 (9th Cir.1992) (reviewing opinions in *Kungys* and concluding that "Justice Brennan's view of materiality controls").

Here the decision offers no evidence whatsoever that Ms. Lim was not qualified for the foreign student visa it says she concealed her work experience to obtain. In fact, one of the

requirements for a foreign student visa is that one have "a residence in a foreign country which

he has no intention of abandoning." 8 USC § 1101(a)(15)(F). In order to show this, the

Department of State (the agency which issued Ms. Lim's visa)  requires that "(t)he applicant

must demonstrate permanent employment, meaningful business or financial connections, close

family ties, or social or cultural associations, which will indicate a strong inducement to return

to the country of origin." 9 FAM 401.1-3(F)(2)(b).

Accordingly, to the extent that the disclosure of Ms. Lim's employment might have any

influence upon the decision to issue her a student visa, it appears it would have made it more

likely, not less, that her visa would have been issued and, therefore there is no substantial

evidence, or any evidence at all, supporting the conclusion that Ms. Lim's misstatement of her

employment history was material to her student visa application.

"Although we are dealing with the question whether agency action is arbitrary or

capricious, 'in their application to the requirement of factual support the substantial evidence

test and the arbitrary or capricious test are one and the same.'" *Butte Cty. v. Hogen*, 392 U.S.

App. D.C. 25, 29, 613 F.3d 190, 194 (2010), *quoting Ass'n of Data Processing Serv. Orgs., Inc. v.

Bd. of Governors of Fed. Reserve Sys.*, 745 F.2d 677, 683, 240 U.S. App. D.C. 301 (D.C. Cir. 1984)

(Scalia, J.).

5 U.S.C. § 706 provides in relevant part that in action under the Administrative

Procedure

  Act

The reviewing court shall—

…

**(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—

**(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

There it is highly likely that this Court will hold the USCIS's decision denying Inae Lim's application for adjustment of status unlawful and set it aside on the grounds that it is arbitrary and capricious.

II.      IRREPRABLE HARM

A.   THE DENIAL OF ADJUSTMENT OF STATUS, TO THE EXTENT IT RELIED UPON PURPORTED DEFICIENCIES IN AN APPROVED AND UNREVOKED PETITION FOR IMMIGRANT WORKER, WAS NOT IN ACCORDANCE WITH LAW

The decision denying Ms. Lim's application for adjustment of status also asserted that "Therefore you have failed to provide sufficient proof of your full time employment and failed to provide requested evidence." However, this assertion has no apparent relevance to Ms. Lim's eligibility to adjustment of status inasmuch as her immigrant visa petition was approved and so she satisfied all of the requirement of 8 U.S.C. § 1255(a), including that of subsection (3), that an immigrant visa be available to her.

Therefore it is highly that the Court will hold the USCIS's decision denying Inae Lim's application for adjustment of status unlawful and set it aside on the grounds that it is not in accordance with law.

B.  MS. LIM WILL SUFFER IRREPARABLE HARM IF THE EFFECTIVENESS OF THIS DENIAL IS NOT POSTPONED

Ms. Lim will suffer irreparable harm if the effectiveness of the decision denying her application for adjustment status is not postponed because she will effectively be compelled to depart from the United States prior to accruing 180 days of "unlawful presence" in the U.S.. Ms. Lim has been unlawfully present in the United States since her application for adjustment of status was denied on June 3, 2019.[1] This means if Ms. Lim remains in the U.S. more than 180 days beyond that date, she will be barred from returning to the U.S. for three years if she thereafter departs the U.S. 8 U.S.C. § 1182(a)(9)(B)(i)(I). Therefore, to avoid this bar, Ms. Lim will be required to depart the United States no later than that date.

Since the Ms. Lim cannot be granted adjustment of status in the U.S. if she is no longer here, this departure would moot this lawsuit, depriving the Ms. Lim of her statutory right to seek such a change under 8 U.S.C. § 1258, and so cause her irreparable harm. See *Vargas v. Meese*, 682 F. Supp. 591, 595 (D.D.C. 1987) ("The Court holds that applicants have shown that without an injunction, they will be irreparably harmed. Under the SAW program, according to the plain language of the statute, applicants may file for a change of status in the United States. That statutory right to file will be mooted if their application are not accepted in this

---

[1] Adam Fert, a child of 5, does not accrue unlawful presence but would, in any event, be as a practical matter required to depart the U.S. with his parents.

country."), *U.S. S.E.C. v. Daspin*, --- Fed.Appx. ----, 2014 WL 443645 at *2 ("A stay may be used to preserve a possibly meritorious appeal. *See In re Agent Orange Product Liability Litig.*, 804 F.2d 19, 20 (2d Cir.1986)").

Further, ever since the day of the denial, Ms. Lim has been subject to immediate arrest, prolonged detention and removal from the United States.  See U.S. CITIZENSHIP & IMMIGRATION SERV., DEPT. OF HOMELAND SECURITY, PM-602-0050.1, UPDATED GUIDANCEFOR THE REFERRAL OF CASES AND ISSUANCE OF NOTICES TO APPEAR (NTAS) IN CASES INVOLVING INADMISSIBLE AND DEPORTABLE ALIENS (JUNE 28, 2018). This in itself constitutes irreparable harm as a district court recently explained in deciding to grant religious workers suing for the right to file applications for adjustment of status concurrent with her employers' petitions upon her behalf, the right to remain lawfully in the U.S. while their suit was pending:

> Being out of status for even one day has adverse implications for class members and her families. The most direct and potentially irremediable effects is the reduction in the grace period Congress provided for this class of alien and the increased possibility of detention or deportation for being out of status. If defendants delay the adjudication of employer petitions for immigration visas long enough, class members will have to depart from the United States before she can even file an application for adjustment of status. Defendants state, without any explanation, that being forced to depart from the United States is not an injury. Opposition at 7. The Court is hard-pressed to imagine a more traumatic and irreparable harm than being

uprooted from your job, home, and community for an undetermined length of time. By maintaining the status of each class member as it currently exists, the Court will have the opportunity to determine whether defendants' policy against concurrent filings is lawful without risking irreparable (and potentially unjustified) harm to the class members.

*Ruiz-Diaz v. United States*, No. C07-1881RSL, 2008 U.S. Dist. LEXIS 79217, at *7-8 (W.D. Wash. Aug. 21, 2008)

Accordingly, merely losing her legal status (and the consequences that go therewith, including potentially being subject to removal proceedings) in itself constitutes irreparable harm to the Ms Lim. *Stellar IT, supra.*

## C. THE BALANCE OF THE EQUITIES TIP IN FAVOR OF MS. LIM

Further, the balance of equities tip strongly in the Ms. Lim' favor in that although she will lose her chance to change her status in the U.S. if the effectiveness of her denial is not postponed, if there is any harm to the defendant at all,

it is minimal. *See Ortega-Peraza v. Ilchert*, No. C-92-4972 MHP, 1993 U.S. Dist. LEXIS 2195, at *15 (N.D. Cal. Feb. 26, 1993) ("On the other hand, the burden on the defendants that would result from prohibiting her withholding of employment authorization from Ortega-Peraza is minimal."). Here postponing the effectiveness of this decision does not even put the defendant to the minimal

burden that would have been imposed upon it by requiring it to grant employment authorization to Mr. Ortega-Peraza. It merely requires it to change its records.

### D. THE PUBLIC INTEREST FAVORS POSTPONEMENT

Finally, the public interest favors a postponement of the effectiveness of these decisions inasmuch as there is a public interest in just judgments. *Arizona v. Washington*, 434 U.S. 497, 510 (1978). Since a failure to postpone the effectiveness of this decision is likely to cause the Ms. Lim to leave the country, thereby mooting this lawsuit before the defendant's unjust judgment in this matter is replaced with a just one, accordingly the grant of a postponement is in the public interest.

### CONCLUSION

This Court should postpone the effectiveness of the denials of Ms. Lim's application for adjustment of status pending a decision in this action.

/s/ *Michael E. Piston*

Michael E. Piston (MI 002)
Attorney at Law
225 Broadway, Suite 307
New York, NY, 10007
Ph: 646-845-9895

Fax: 206-770-6350

Email: michaelpiston4@gmail.com

Dated: September 16, 2019

CERTIFICATE OF SERVICE

I certify that the foregoing was served upon the defendant in this action today by UPS

next day delivery service at the following addresses:

United States Citizenship and Immigration Services

c/o Civil Process Clerk

United States Attorney's Office

 555 4th St NW, Washington, DC 20530

United States Citizenship and Immigration Services

c/o  Attorney General

US Department of Justice

950 Pennsylvania Avenue NW

Washington DC 20530

United States Citizenship and Immigration Services

20 Massachusetts Ave NW

Washington DC 20529

/s/ Michael E. Piston

Michael E. Piston  (MI 002)

Attorney for the Ms. Lim

225 Broadway, Suite 307

New York, NY, 10007

Ph: 646-845-9895

Fax: 206-770-6350

Email:michaelpiston4@gmail.com

Dated: September 16, 2019