## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INAE LIM,**<br>10414 Michael Todd Terrace<br>Apt 2N<br>Glenview, IL 60025<br>**Plaintiff**<br><br>-against-<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**<br>20 Massachusetts Ave NW,<br>Washington DC 20529<br><br>**Defendant** | **Case No. 1:19-cv-02460 DLF**<br><br><br>**FIRST AMENDED COMPLAINT** |

## INTRODUCTION AND SUMMARY

1.This is an action to hold unlawful and set aside the decision of the United States Citizenship and Immigration Services (USCIS) dated June 11, 2020 in File Nos. A215535467 and MSC 1891451876, denying plaintiff Inae Lim's second application for adjustment of status because it is not in accordance with law inasmuch as the decision revoking the immigrant visa petition upon her behalf is not yet final.

## PARTIES

2. The plaintiff, Inae Lim, is a citizen and national of the Republic of Korea who last entered the U.S. on December 17, 2007 as a foreign student, and currently resides in the State of Illinois.

3. The United States Citizenship and Immigration Services is the agency with responsibility for the adjudication of Inae Lim's application for adjustment of status.

4.  Inae Lim has standing to complain of the unlawful  denial of her application for adjustment of status because it leaves her with no lawful status in the U.S. and subject to removal proceedings.

## JURISDICTION

5. This being an action under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., a law of the United States, this Court has jurisdiction over this matter under 28 U.S.C. § 1331.

## BRIEF STATEMENT OF PERTINENT FACTS

6. On approximately December 17, 2007 plaintiff Inae Lim was admitted to the United States under 8 U.S.C. § 1101(a)(15)(F) as a foreign student.

7. On June 4, 2018, Asiana Services, Inc. (Asiana)  filed a Petition for Immigrant Worker with the USCIS to classify Ms. Lim as an immigrant under 8 U.S.C. § 1153(b)(3)(A)(i), which assigned it File No. LIN1817050107. This petition was approved on June 13, 2018.

8. On July 23, 2018,  Ms. Lim filed with the USCIS an application to adjust her status in the U.S.

to that of an alien lawfully admitted for permanent residence,   which was assigned File No.

MSC1891451876.

9. On June 3, 2019 the USCIS, through its Chicago Field Office Director, issued a decision denying

Ms. Lim's application for adjustment of status.

10. On August 14, 2019 Ms. Lim commenced the instant action for judicial review.

11. Thereafter, in apparent response to her suit, the USCIS reopened her application.

12. On June 8, 2020 the USCIS' Nebraska Service Center revoked Asiana, Inc.'s Petition for

Immigrant Worker upon behalf of Ms. Lim.

13. This decision provided, in relevant part, that:

> If you disagree with this decision, you may appeal to the Administrative Appeals Office (AAO) by filing a Notice of Appeal or Motion (Form I-290B) within 18 days[1] of the date of this decision. Alternatively, you may use Form I-290B to submit a motion to reopen or reconsider. For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our USCIS Contact Center at 1-800-375-5283, or visit your local USCIS office. **If USCIS does not receive a properly filed appeal, this decision will become final**. (Emphasis supplied).

14. On June 11, 2020 the USCIS' Chicago Field Office Director issued a decision denying again

Ms. Lim's application for adjustment of status.


15. On August 6, 2020, Asiana  filed a timely appeal of the USCIS' decision revoking its visa

petition upon Ms. Lim's behalf.

## CAUSE OF ACTION
### COUNT I


THE USCIS' DECISION TO DENY MS. LIM'S APPLICATION FOR ADJUSTMENT OF STATUS SOLELY BECAUSE OF THE REVOCATION OF ASIANA'S I-140 IS NOT IN ACCORDANCE WITH LAW BECAUSE THE REVOCATION IS NOT FINAL AND BECAUSE A FAVORABLE AAO DECISION MAY YET RESULT IN THE APPROVAL OF THE PETITION

---

[1]This time was extended to 60 days by the USCIS' memorandum of May 1, 2020 regarding "USCIS Extends Flexibility for Responding to Agency Requests".

19. The USCIS denied Ms. Lim's application for adjustment of status because

> The record now reflects that the underlying petitioner and beneficiary failed to overcome the stated grounds for revocation in that matter and the revocation has not been overturned on appeal or motion. The petition was revoked on notice and the labor certification invalidated upon a finding of fraud or misrepresentation on the part of the petitioner (Asiana). In view of this finding, the underlying immigrant visa petition is no longer valid and cannot confer an immigrant visa for the purpose of adjusting your status.

20. The USCIS offered no explanation and cited no authority as to why the decision to revoke Asiana's petition, which it itself conceded would not be final if a timely appeal was taken from it, renders the petition no longer valid.

21. By doing so it is purporting to enforce a nonfinal judgment, which is generally impermissible. *See, e.g. United States v. Hansel*, 182 F.R.D. 7, 9 (N.D.N.Y. 1998) ("The Government cannot take any enforcement action until a final judgment has been entered."), *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 744 (2d Cir. 1976) ("It is well-established that execution ordinarily may issue only upon a final judgment."), *Matter of X*, EAC 07 160 545649, (AAO April 18, 2011)[2], ("a petition denial is not final as long as that decision may be reversed on direct appeal or certification … a 'final decision' had not yet been issued at the time the director denied the present H-1B petition, the I-140 was still pending for purposes of the requested AC21 extension. Therefore, contrary to the director's decision, the beneficiary was still entitled at that time to an AC21 extension of stay in H-1B nonimmigrant status.").

22. Even if the decision to revoke Asiana's I-140 had been final, the denial of Ms. Lim's application would still not be in accordance with law inasmuch as 8 C.F.R. § 245.2(a)(2)(B) provides in relevant part that "(i)f, at the time of filing, approval of a visa petition filed for classification under section 201(b)(2)(A)(i), section 203(a) or section 203(b)(1), (2) or (3) of the

---

[2] This decision can be found on the USCIS' website at https://www.uscis.gov/sites/default/files/err/D2%20-%20Temporary%20Worker%20in%20a%20Specialty%20Occupation%20or%20Fashion%20Model%20(H-1B)/Decisions_Issued_in_2011/Apr182011_01D2101.pdf

Act would make a visa immediately available to the alien beneficiary, the alien beneficiary's adjustment application will be considered properly filed whether submitted concurrently with or subsequent to the visa petition, ...".

23. The AAO reviews service center decisions de novo. *Soltane v. US DOJ*, 381 F.3d 143, 145 (3d Cir. 2004), *Basil v. United States Citizenship & Immigration Servs.*, 2017 U.S. Dist. LEXIS 23152, *7 (D.D.C. Feb. 16, 2017).

24. Therefore, even if the nonfinal revocation of Asiana's petition amounted to a non-approval of the same, the AAO still has the authority to approve it.

25. Accordingly, Asiana's petition is one which the approval of which would make a visa immediately available to Ms. Lim, and therefore her "application will be considered properly filed whether submitted concurrently with or subsequent to the visa petition." 8 C.F.R. § 245.2(a)(2)(B).

26. Certainly the USCIS cannot deny an application for adjustment of status which can be properly filed.

27. 5 U.S.C. § 706 provides in relevant part that:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
- ...
- **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be--
    - **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;


WHEREFORE the USCIS' decision denying Ms. Lim's application for adjustment of status because of the nonfinal revocation of Asiana's still-approvable petition upon her behalf was not in accordance with law and so should be held unlawful and set aside.


Respectfully Submitted this 7th day of August, 2020

/s/*Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiff
225 Broadway Suite 307
New York, NY 10007
646-845-9895